NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604

Argued September 25, 2025
Decided September 29, 2025

Before

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

| | |
|---|---|
| No. 25-1046 | Appeal from the United States District Court for the Western District of Wisconsin. |
| JOHN DOE, *Plaintiff-Appellee*, | |
| v. | No. 23-cv-87-wmc |
| K.J. and M.S., *Defendants-Appellants*. | William M. Conley, *Judge*. |

**O R D E R**

Plaintiff seeks to hold two detectives liable under 42 U.S.C. §1983 for making statements, when visiting his cell, that may have allowed other inmates to infer that he has supplied valuable information to law-enforcement personnel. The district court denied defendants' motion for summary judgment, and they have appealed.

The district court entered an order sealing the litigation in large measure, which effectively created anonymity for the litigants and any potential witnesses. A motion to continue the sealing during the appeal led to a one-judge order denying that request but requiring anonymity all around. The result is that the parties have filed public briefs but not identified the persons involved. After hearing oral argument, this court now

concludes that anonymity is inappropriate given this court's strong presumption that adult litigants must use their own names. See, e.g., *Doe v. Loyola University Chicago*, 100 F.4th 910 (7th Cir. 2024); *Doe v. Indiana University*, 101 F.4th 485, 491–93 (7th Cir. 2024); *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997).

As far as we can see, anonymity for the defendants is utterly inappropriate. Police officers, prison guards, and many other public officials are regularly sued in their own names on account of acts said to be unlawful or even unconstitutional. At oral argument counsel for the defendants consented to the use of their names. Counsel suggested that the district judge may have believed that identifying the defendants would have identified the plaintiff too, but any such belief is unsupported. The defendants are police officers who have dealt with hundreds if not thousands of prisoners over the years. Publication of defendants' identities would not point to any one prisoner.

Plaintiff sought to remain anonymous out of a professed fear that he would be harmed by other inmates. Once again, however, claims based on potential harm are regularly litigated in the parties' real names. See, e.g., *Farmer v. Brennan*, 511 U.S. 825 (1994); *Grieveson v. Anderson*, 538 F.3d 763, 775–76 (7th Cir. 2008). Indeed, the table of contents in plaintiff's brief, which runs to three pages, includes many decisions addressing the potential for retaliation against cooperating witnesses, and not even one of those decisions uses pseudonyms.

Although plaintiff contends that he is in fear, he does not contend that he has actually been harmed by any other inmate—and this even though the genesis of his suit is the assertion that, several years ago, defendants allowed other inmates to learn his status as a cooperator. When plaintiff commenced litigation based on this unrealized fear, he surrendered his entitlement to anonymity. (Contrast persons protected by the informants' privilege, whose names are protected in criminal trials largely because they did *not* bring publicity on themselves by initiating litigation.) Plaintiff cannot achieve anonymity by himself making allegations that expose him to risk.

In other cases in which we have held that a district judge erroneously allowed anonymous litigation, we have permitted the plaintiff to withdraw the suit in order to preserve confidentiality. See, e.g., *Doe v. Indiana University*, 101 F.4th at 493; *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005). The same approach is appropriate here. We therefore put this appeal on hold for 14 days. If within that time plaintiff dismisses his complaint with prejudice, the case will end (and this appeal with it). If plaintiff does not dismiss his complaint, we will put all litigants' names on the public record and proceed to a decision on the merits.